Dear Representative McDonald:
You have requested an Attorney General Opinion relative to the sale of a hospital facility owned by a duly established hospital service district. You specifically ask the following questions with regard to the proposed sale:
1. Can a hospital owned by a duly established hospital service district be sold?
2. If the answer to Question No. 1 is in the affirmative, is the proper party to act in the capacity as seller the parish governing authority or the hospital service district Board of Commissioners?
3. Is a referendum by the electorate required to approve the sale?
4. Will the proceeds of the sale go to the parish governing authority's general fund?
5. If the answer to Question No. 4 is in the negative, where should the money received from the sale be deposited?
6. In the event that the Board of Commissioners of the hospital service district desires to sell revenue bonds, is said board required to obtain the approval of the parish governing authority?
We will answer your questions in the order in which they are presented. In answer to your first question, we draw your attention to R.S. 46:1051 through 1069, comprising the general law relating to hospital service districts, and R.S. 46:1071through 1077, which is the law relating to hospital service districts enhanced ability to compete. A review of these provisions reveal no specific authority for a hospital service district to sell any of its properties. However, we note that, among the objects and purposes of hospital service districts enumerated in Section 1052, is the authority to own and operate hospitals. In addition, Section 1060 constitutes a hospital service district as a body corporate-in-law with all of the powers of a corporation, including ". . . the power and right debts and contract obligations . . . and to do and perform any and all acts in its corporate capacity and its corporate name necessary and proper for carrying out the objects and purposes for which the hospital service district was created."
In light of this broad authority to execute contracts of every kind in order to carry out the objects and purposes of a district, we are of the opinion that surplus real estate and facilities may be sold if the sale is deemed beneficial to said district. A conclusion to the contrary would not only contradict the spirit of the laws relating to hospital service districts, but also place the district at a significant disadvantage within the health care industry, all in contravention of the statutory provisions contained in Section 1071, et seq. which promotes the district's ability to compete. This conclusion is consistent with the conclusions previously expressed in Attorney General OpinionNos. 79-295, 78-24 and 74-1304. We turn now to your second question.
It is the opinion of this office that the hospital service district, through its board of commissioners, is the proper party to contract for the sale of its facility. We find support in this conclusion in Section 1052 which provides, in pertinent part, the following:
 "The objects and purposes of the hospital service districts and the governing bodies created under the provisions of this chapter shall be:
 1. To own and operate hospitals for the care of persons suffering from illnesses or disabilities which require that patients receive hospital care."
Further, Section 1060 provides, in pertinent part, the following:
 "Such hospital service districts shall have the right and power of expropriating property for the purpose of acquiring land for any purpose that it may find necessary in the operation of a hospital service district and may reacquire by donation or purchase, any existing hospital facility in the district. It shall also have the power and authority to acquire any and all necessary equipment and billings for the purpose of performing the objects for which it is formed, and shall own all sights and physical facilities
which are acquired either by donation, purchase, expropriation, exchange and otherwise in full ownership." [Emphasis added.]
This office has consistently recognized that the hospital service district, not the police jury, owns and operates the facilities comprising the district. Accordingly, the hospital service district, represented by its board of commissioners, constituting the owner of the facility, would logically be the proper party vendor in any sales transaction. In accord are Attorney GeneralOpinion Nos. 95-486, 93-479 and 91-27. This answer is predicated on the absence of any special legislation that would require the police jury to approve and/or be a party to the sale. We are not aware of any such legislation, nor have we been provided with same.
In answer to your third question, we refer you to R.S. 33:4341(A) which provides, in pertinent part, the following:
 "A. Any . . . political subdivision or taxing district . . . may sell or lease any revenue-producing properties owned by it, including all proper franchises to operate the properties . . . provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose as herein directed."
This office has previously recognized, in Attorney GeneralOpinion No. 94-443, that a hospital facility owned by a political subdivision constitutes property of a revenue-producing utility as defined in R.S. 33:4341. Said opinion further concludes that the sale of such property may be confected only after the electorate approves same by referendum. We turn now to your fourth question.
It is the opinion of this office that the proceeds of the sale of a hospital owned by the hospital service district should revert to the hospital service district. As previously noted in our answer to your second question, the hospital service district's board of commissioners is clearly in charge of the district, the district's hospital and other assets, including the hospital building. It is the district, not the police jury, that owns and operates these facilities. See Attorney General Opinion Nos.95-486, 93-479 and 91-27. Accordingly, the proceeds from a sale revert to the hospital service district.
Having concluded that the proceeds of the sale revert to the hospital service district, our answer to your Question No. 5 is pretermitted. We turn now to your final question.
R.S. 46:1064 provides with respect to hospital service districts, in pertinent part, as follows:
 "Such districts shall be subdivisions of the state of Louisiana within the meaning of the laws of Louisiana relating to the voting and levy of special maintenance taxes incurring debt and issuing bonds therefor . . . and shall be authorized to issue hospital revenue bonds . . . . Hospital service districts are hereby further authorized to issue bonds pursuant to the foregoing to refund outstanding bonded indebtedness . . . in respect of any hospital facilities owned or operated by any such hospital service district."
While it is clear that the hospital service district, as a political subdivision of the state, can levy taxes and issue revenue bonds, we must turn to the Louisiana Constitution of 1974
to resolve your question relating to the approval, vel non, of the parish governing authority.
Article VI, Section 15 of the Constitution provides the following:
 "Section 15. The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency." [Emphasis added.]
As can be clearly seen from the above, in the event the board of commissioners of the hospital service district desires to sell revenue bonds, the prior approval of the parish governing authority that created the hospital service district is necessary. In accord is Attorney General Opinion No. 91-27.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla